In re PREMIERE HOLDINGS OF TEXAS LP; dba Money Mortgage Ltd.; dba Lapin & Wigginton Ltd.; dba Premiere Holdings of Texas LLC and Ted S. Murray and MMCOA LP, Debtors.

No. 01–40836.

United States Bankruptcy Court, S.D. Texas, Houston Division.

July 28, 2008.

Jeremy R. Stone, Mehaffy Weber, John F. Higgins, IV, Porter & Hedges LLP, Patrick Lamont Hughes, Haynes & Boone LLP, Randy W. Williams, Thompson & Knight LLP, Stephen Paul Carrigan, Sydow Carrigan LLP, Susan C. Mathews, Adams and Reese LLP, William Alfred Wood, III, Bracewell & Giuliani LLP, Houston, TX, for Debtors.

Kenneth R. Wynne, The Wynne Law Firm, Peter Johnson, Law Offices of Peter Johnson, Stephen D. Susman, Susman Godfrey, Houston, TX, for Defendants.

David P. McClain, Tony L. Draper, McClain & Patchin, P.C., Thomas Andrew Woolley, III, Porter & Hedges LLP, Houston, TX, for Trustee.

Marcy E. Kurtz, Bracewell & Giuliani LLP, Houston, TX, for Creditor Committee.

## OPINION AND ORDER GRANTING APPLICATION TO DEPOSIT FUNDS INTO COURT REGISTRY AND FOR ESCHEAT OF FUNDS (Doc. # 2748)

WESLEY W. STEEN, Bankruptcy Judge.

The Liquidating Trustee made his final distribution to creditors on April 14, 2008. However, some of the distribution checks have not been cashed or presented for payment. As of June 19, 2008, there were 67 checks outstanding, totaling $110,209. The Liquidating Trustee has done extensive work since then to locate claimants and to contact claimants, but $25,969 is still unclaimed. In addition, the Liquidating Trustee has slightly less than $4,000 of funds reserved for expenses that have not been spent and need not be reserved for payment of expenses. The confirmed Chapter 11 Plan (doc. # 725, granted at doc. # 738) does not include a provision for disposition of these funds that can be accomplished economically. The Liquidating Trust existence ceases on August 29, 2008.

The Liquidating Trustee filed an application to deposit funds into the registry of the Court (docket # 2748) and that matter was set for hearing this date. No objection or other response was filed in response to the Liquidating Trustee's motion. However, the Court notes that Bankruptcy Code § 347, addresses the disposition of unclaimed funds and provides for disposition contrary to the Liquidating Trustee's request.

■ Deposit of unclaimed funds into the registry of the court is only available under Bankruptcy Code § 347(a) and only for unclaimed funds in chapters 7, 12, and 13. This is a chapter 11 case, with a plan confirmed under Bankruptcy Code § 1129. Bankruptcy Code § 347(b) provides as follows:

Any security, money, or other property remaining unclaimed at the expiration of the time allowed in a case under chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under section 943(b), 1129, 1173, or 1225 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

■ The statutory result is inappropriate in this case for two reasons. First, returning the unclaimed funds to the Debtor hardly seems equitable because the funds were acquired through a Ponzi scheme, because the claims vastly exceeded the funds available, and because interest holders were entitled to nothing from the estate. More important, however, the confirmed Plan in this case created a Liquidating Trust and dissolved the Debtors as of the effective date of the Plan. The entity that acquired Debtors' assets is the Liquidating Trust, the entity that wants to deposit the funds into the registry of the Court because it is going out of existence in a month. Collier notes the inadequacy of § 347(b) in dealing with this situation.

Section 347(b) may not provide a particularly satisfactory result in a liquidating chapter 11 case of a corporate debtor in which no entity acquires most of the debtor's assets and the debtor essentially ceases to exist. Although there may remain a corporate shell to which assets can be returned, doing so may serve no useful purpose. The best solution may be to draft plan provisions that provide alternate dispositions of property to take effect before the time that section 347(b) would become applicable.

3 Collier on Bankruptcy, ¶ 347.03[2] (15th ed. rev.).

One case addresses § 347(b) in the context of a chapter 11 liquidating trust, but in that case the debtor had not yet been dissolved and the equity interest holders of the debtor challenged the bankruptcy court's decision to deposit the funds into the registry of the court. The district court reversed the bankruptcy court and the district court was affirmed by the Fifth Circuit in an unpublished decision. *In re TLI, Inc.*, 213 B.R. 946 (N.D.Tex.1997), *affirmed by In re TLI, Inc.*, 159 F.3d 1355, 1998 WL 698892 (5th Cir.1998) (Not selected for publication in the Federal Reporter, NO. 97–11227). The plan in *TLI* reorganized the joint debtors into a reorganized debtor; after disposition of all of its assets, the reorganized debtor would cease to exist. The plan further provided that any property that remained unclaimed would return to the Claims Fund for distribution to other claimants. The bankruptcy court allowed the funds to be deposited into the registry of the court because the distribution to remaining creditors would have been a burdensomely small dividend. The bankruptcy court then denied the reorga-

nized debtor's request to award it the fund in the court registry. The Northern District of Texas reversed the bankruptcy court's decision because once the unclaimed funds were transferred into the court registry, the Bankruptcy Code, rather than the plan, governed the rights of claimants to the sums on deposit. The Northern District also found that TLI was the entity acquiring the assets of the debtor under the plan.

The result in *TLI* is consistent with the legislative intent that cases not be open indefinitely. As the Court stated:

> The plain language of § 1143 creates a five-year deadline for creditors to take any act required for participation in a distribution. If a creditor fails to comply with § 1143, § 347(b) provides that the unclaimed property "becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be." 11 U.S.C. § 347(b). Together, these provisions evince an unmistakable point at which unclaimed funds automatically become the property of the debtor or acquiring entity.

*Id.*, at 954. The case at hand is distinguishable from TLI because it is simply impossible to comply with § 347(b) in this case. The Debtors were dissolved years ago, when the Plan was confirmed. All equity interests in the Debtors were automatically cancelled on the effective date of the Plan. The entity acquiring the assets of the Debtor in this case is the Liquidating Trust; that trust is the only surviving entity and it is the entity asking to deposit the funds into the court registry so that administration (and the expenses of administration) can cease. If the Court were to try to apply § 347(b) literally and fully in parallel with TLI, the Liquidating Trust would deposit the funds into the registry of the Court and then the Court would

have to award the property to the Liquidating Trust as the "entity acquiring the assets." Any redistribution of the funds would be prohibitively expensive. The circle would be broken only when the administrative expenses of continuing the loop extinguished the funds in the trust.

Because of this infinite circular loop, the Court concludes that the unclaimed funds in the hands of the Liquidating Trustee should be deposited into the registry of the Court to be disposed of under chapter 129 of title 28 [28 USC § 2041 *et seq.*]

### ORDER

IT IS ORDERED that the Liquidating Trustee's Application is GRANTED. The Liquidating Trustee shall deposit the funds remaining in his custody into the registry of the Court to be disposed of under chapter 129 of title 28 [28 USC § 2041 *et seq.*]. The Trustee shall file into the record a schedule of the entities entitled to the funds who have not claimed them. With respect to the funds that represent an excess reservation of funds to pay administrative expenses, the Liquidating Trustee shall deposit those funds into the registry of the Court for escheat to the United States. When making the deposit, the Liquidating Trustee shall present the attached form of order to the Clerk with the attachment designating any unpaid claimants due the funds.

### *EXHIBIT FORM OF ORDER*

#### IN THE UNITED STATES BANKRUPTCY COURT

#### FOR THE SOUTHERN DISTRICT OF TEXAS

#### HOUSTON DIVISION

IN RE: PREMIERE HOLDINGS OF TEXAS LP; dba § MONEY MORTGAGE LTD; dba LAPIN & WIGGINTON LTD; dba PREMIERE HOLD-

INGS OF TEXAS LLC and TED S MURRAY and MMCOA LP Debtor(s)

CASE NO: 01–40836

CHAPTER 11

### ORDER TO PAY FUNDS INTO REGISTRY FOR DISPOSITION UNDER 28 U.S.C. § 2041 ET SEQ. AND FOR ESCHEAT TO THE UNITED STATES

Upon the application of the Trustee to pay unclaimed funds into the Registry of the Court for disposition under 28 U.S.C. § 2041 *et seq.* and to escheat to the United States excess funds reserved for administrative expenses, and the bankruptcy court having ordered the deposit, the Liquidating Trustee is directed to deposit into the registry those unclaimed dividends and the funds reflected on the Exhibit attached to this order.

SIGNED this the . . . day of . . . . . . . . . . . . . . ., 2008.

Michael N. Milby, Clerk

By: . . . . . . . . . . . . . .

Deputy Clerk

### EXHIBIT "A"

| Name and Address | Claim No. | Amount |
|---|---|---|
| Name and Address of Claimant | | $xxx.xx |
| | SUBTOTAL: | $xxx.xx |
| Funds to escheat to the United States | | $xxx.xx |
| Total Deposit to Registry of Court | TOTAL: | $xxx.xx |